CUMBERLAND & OXFORD CANAL CORPORATION *versus* CITY OF PORTLAND.

A suit to recover the penalty provided in Special Laws of 1821, c. 74, § 7,[*] cannot be maintained against a corporation by whose servants the acts therein prohibited were done.

DEBT to recover the penalty provided in Special Laws of 1821, c. 74, § 7,[*] for filling up two hundred yards of plaintiffs' canal near Vaughan's bridge, in Portland, &c.

*F. O. J. Smith & C. P. Mattocks*, for the plaintiffs, cited *Thayer* v. *Boston*, 19 Pick., 511; 3 Robinson's Practice, 337; *Clark* v. *Mayor of Washington*, 12 Wheat., 40; 2 Hill. on Torts, 472, and cases *infra;* Angell & Ames on Corp., § 386, and cases *infra.* Counsel also cited Angell & Ames on Corp., § 396, and notes, as pointing out distinction between case at bar and *State* v. *G. W. M. & Manuf. Co.*, 20 Maine, 41; R. S., c. 1, § 13.

*Davis & Drummond*, for the defendants, contended that the action was not maintainable against a corporation, and cited *Thayer* v. *Boston*, 19 Pick., 511; *Lowell* v. *Boston, &c., Railroad*, 23 Pick., 24; *Moore* v. *Fitchburg Railroad*, 4 Gray, 465; *Buttrick* v. *City of Lowell*, 1 Allen, 172; *State* v. *G. W. M. & Manuf. Co.*, 20 Maine, 41; *Mitchell* v. *Rockland*, 52 Maine, 118, 123, and cases *infra; Small*

---

* See opinion.

v. *Danville*, 51 Maine, 359; *Davis* v. *Bangor*, 42 Maine, 522.

APPLETON, C. J. — This is an action of debt to recover a penalty against the city of Portland.

The plaintiff corporation was created by the special Act of 1821, c. 74, passed March 15, 1821.

By § 7, it is enacted, — " That, if any person or persons shall wilfully, maliciously, or contrary to law, take, remove, break down, dig under, or otherwise injure any part of said canal or canals, or any work or works connected with or appertaining to the same, or any part thereof, such person or persons shall forfeit and pay to such corporation a sum not less than fifty dollars, nor more than five thousand dollars, according to the nature of the injury done and committed. And, such offender or offenders shall be further liable to indictment for such trespass or trespasses, and on conviction thereof, shall be sentenced to pay a fine to the use of the State, not more than one hundred dollars, nor less than twenty-five dollars."

The question presented, is whether a suit for the penalty given by this section can be maintained against a corporation, by whose servants the acts prohibited have been done.

The language of the section manifestly refers only to individuals — persons — offenders, those who could " wilfully, maliciously, or contrary to law," do the several acts forbidden. But malice and wilfulness cannot be predicated of a corporation, though they may well be of its members.

By recurring to the plaintiffs' Act of incorporation it is apparent that the Legislature kept in view the distinction between individuals and corporations, — and that when they intended there should be corporate liability, they so provided — §§ 3, 4, 5. When they did not so intend, they omitted, accordingly, to make such provision.

The statute imposes, as part of the same section, in addition to a penalty, a further punishment of such offender or offenders by indictment. Towns are undoubtedly liable to in-

dictment for the neglect of duties imposed by statute, when the statute so prescribes. But a town could not be indicted for assault and battery, though committed by one of its officers in accordance with its express vote. Whether a town might or might not be liable in trespass in such a case like the present, is a question not now presented for determination.

The object of the statute was to protect the corporation against illegal acts done wilfully and maliciously. The penalty is to be imposed upon those who do wilful and malicious injury to the corporation, and upon those alone. But towns cannot do an act wilfully and maliciously. If the Legislature had intended to make corporations liable to a penal action or indictment, the language of the Act of incorporation would have been more clearly indicative of such intention. It indicates the reverse.

*Judgment for defendant.*

KENT, DICKERSON. BARROWS and TAPLEY, JJ., concurred.